IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR HUERTAS, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action<br>No. 17-7232 (JBS) |
| KAREN TAYLOR, et al., | **OPINION** |
| Respondents. | |

APPEARANCES:

Victor Huertas, Petitioner pro se
#000470539C
Bayside State Prison
PO Box F-1
Leesburg, NJ 08327

**SIMANDLE, U.S. District Judge:**

I.  **INTRODUCTION**

Petitioner Victor Huertas filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petition, Docket Entry 1. For the reasons expressed below, the petition is dismissed without prejudice.

II.  **BACKGROUND**

On December 28, 2016, Petitioner attempted to avoid an accident by driving on the shoulder of Route 38 in Cherry Hill, New Jersey for a brief period of time. Petition ¶ 5. He was subsequently pulled over by a Cherry Hill police officer. *Id.* ¶

7. The officer asked for Petitioner's identification, registration, and insurance information, which Petitioner provided. *Id.* ¶¶ 8-9. Shortly thereafter, the officer asked Petitioner to step out of his vehicle. *Id.* ¶ 10. The officer claimed in a later state court proceeding that he smelled marijuana in Petitioner's car and he discovered Petitioner had a criminal record. *Id.* The officer proceeded to search Petitioner and the inside of the car, but did not find any contraband. *Id.* ¶ 11. The officer then searched the trunk and found narcotics (heroin) and guns. *Id.* ¶ 12. Petitioner was arrested. No marijuana was recovered. *Id.* ¶ 14.

Petitioner filed this habeas petition on September 19, 2017. The Court originally administratively terminated the petition on September 28, 2017 as Petitioner had not paid the filing fee or submitted a complete *in forma pauperis* application. Docket Entry 2. Petitioner submitted an *in forma pauperis* application, and the Court granted the application. Docket Entries 3 & 4.

Petitioner argues his confinement is unconstitutional due to the illegality of the search of the vehicle and seizure of the narcotics and guns. He asserts the seized evidence is the fruit of the poisonous tree, but a state court judge denied his motion to suppress the evidence. He argues he should be released from incarceration.

### III. STANDARD OF REVIEW

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

### IV. ANALYSIS

District courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court, *see Moore v. De Young*, 515 F.2d 437, 441–42 (3d Cir. 1975), but "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal

processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010)

(quoting *Moore*, 515 F.3d at 445-46). "The district court should

exercise its 'pre-trial' habeas jurisdiction only if petitioner

makes a special showing of the need for such adjudication and

has exhausted state remedies." *Moore*, 515 F.2d at 443.

Petitioner filed this petition before entry of a judgment;

however, on December 27, 2017 Petitioner informed the Court that

he was now incarcerated in Bayside State Prison. Notice of

Change of Address, Docket Entry 5. The Court takes judicial

notice of a public record, Petitioner's entry on the New Jersey

Department of Correction's Inmate Search, indicating that he was

sentenced on November 17, 2017 for an offense dated December 28,

2016. *See* Inmate Search, *available at*

https://www20.state.nj.us/DOC_Inmate/inmatefinder?i=I (last

visited Mar. 13, 2018). December 28, 2016 is the date Petitioner

states he was arrested by the Cherry Hill police. Petition ¶

4(a). It would therefore appear Petitioner has been convicted

and sentenced for the offense stemming from the allegedly

unlawful search. Petitioner would therefore need to challenge

this conviction under 28 U.S.C. § 2254 after he has exhausted his

state court remedies.

Even if Petitioner were a pre-trial detainee, the Court

would still decline to exercise habeas jurisdiction because he

has not exhausted his state court remedies. "'[T]he practice of

exercising [federal habeas] power before the question has been raised or determined in the state court is one which ought not to be encouraged.'" *Moore*, 515 F.2d at 442 (quoting *Cook v. Hart*, 146 U.S. 183, 195 (1892)). The state courts are equally responsible for "protecting the accused in the enjoyment of his [federal] constitutional rights," and "comity demands that the state courts, under whose process he is held . . . should be appealed to in the first instance." *Id.* at 442-43 (internal quotation marks and citations omitted). As Petitioner's claims have not been exhausted in the state courts, the Court should not exercise its pre-trial habeas jurisdiction unless there are extraordinary circumstances.

Petitioner alleges violations of the Fourth, Sixth, and Fourteenth Amendments. He has not presented anything indicating that the state courts are incapable of addressing his arguments, stating only that the trial court denied his motion to suppress. Petition at 5. The Court concludes there are no extraordinary circumstances warranting federal intervention prior to exhaustion of state court remedies. Federal habeas proceedings should not be used as a "'pre-trial motion forum for state prisoners,'" or to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973).

"Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." *Moore*, 515 F.2d at 449. The petition will be dismissed without prejudice to Petitioner's right to bring a petition under 28 U.S.C. § 2254, if necessary, after he has exhausted his state court remedies.[1]

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order denying relief from a "detention complained of aris[ing] out of process issued by a State Court" unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)-(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[1] The Court expresses no opinion as to whether any forthcoming petition has otherwise met the requirements of § 2254.

This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition is correct.

**V.   CONCLUSION**

For the reasons expressed above, this Court will dismiss the petition without prejudice. No certificate of appealability shall issue.

An accompanying Order will be entered.

**March 14, 2018**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge